IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| LYNDA S. MICHAELSKI | § | |
| and PATRICK J. MICHAELSKI | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-13-358 |
| | § | |
| CITY OF CLEAR LAKE SHORES | § | |

## OPINION AND ORDER

Before the Court, with the consent of the Parties, is the "Motion to Dismiss for Failure to State a Claim" of Defendant, City of Clear Lake Shores (City). The Motion is ripe for determination.

Plaintiffs, Lynda and Patrick Michaelski, contend that since at least 2008, they have been harassed and persecuted by various city officials through, *inter alia*, abuses of the land use permitting and building code enforcement procedures. Finally, on October 7, 2013, they filed this suit against the City alleging constitutional violations pursuant to 28 U.S.C. § 1983 and state law torts. The City now seeks the dismissal of their suit in its entirety.

## STATE LAW CLAIMS

Plaintiffs' state law claims can be resolved promptly. In their complaint, Plaintiffs allege that the City has continued to negligently supervise the activities of its employees. The City, however, is protected against such claims by sovereign immunity because those claims do not fall within the coverage of the Texas Tort Claims Act. City of Garland v. Rivera, 146 S.W. 3d 334, 338 (Tex. App. -- Dallas 2004, no pet.)   Plaintiffs' claim for intentional infliction of emotional distress alleges an intentional tort and is, likewise, barred by sovereign

immunity. Harris County, Texas v. Cabazos, 177 S.W. 3d 105, 109 (Tex. App. -- Houston [1st Dist], no pet.)   These claims will, therefore, be dismissed.

**§ 1983 CLAIMS**

The City argues that Plaintiffs' complaint fails to allege any plausible constitutional claims under the Twombly[1] pleading standard.  Under that standard the Court must accept as true only the Plaintiffs' "factual" allegations; their legal conclusions must be ignored. This Court, in generously reading between the lines of Plaintiffs' complaint has identified what it believes to be their relevant factual allegations.  It must, therefore, determine whether those facts constitute "a short and plain statement of the claim" showing that the Plaintiffs may be entitled to relief, Fed. R. Civ. Proc. 8, even though it appears "that a recovery is very remote and unlikely." Id. 556 (quoting Scheur v. Rhodes, 416 U.S. 232, 236 (1974))

The Court has identified the following "facts" alleged by Plaintiffs.  Jack Fryday is the building code enforcement officer of the City.  Paul Shelley is the city administrator, police chief, and FEMA coordinator.  For several years Fryday has been harassing the Plaintiffs with unfounded complaints for city ordinance and building code violations.  In 2009, Fryday and Shelley allowed the Plaintiffs' neighbor to build a non-compliant home on a built-up lot which they knew, when completed, would cause Plaintiffs' property to flood during any heavy rainfalls.  Such flooding then occurred twice during that year.  Ultimately, the Plaintiffs built a house at another location in the City, despite Fryday's harassment, as encouraged by Shelley, and Fryday's threats to revoke their permits.  In August 2013,

---

[1]   Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007)

Plaintiffs' neighbor began to construct a bulkhead, without a permit.  Part of the bulkhead was located on Plaintiffs' property.  On August 27, 2013, after construction had begun, Fryday issued an unsupported *post hoc* permit for the bulkhead knowing it was being partly constructed on Plaintiffs' land, thereby knowingly allowing the bulkhead to invade and damage the Plaintiffs' real property.  As a result of Fryday's actions, Linda Michaelski has suffered stress related medical problems and her husband has suffered a loss of consortium and household services.

In the opinion of this Court, those facts could plausibly state a constitutional claim against the City.  The inference can be reasonably drawn that the City has delegated final policymaking decisions to Fryday so that his decisions are attributable to the City.[2]  Cf. Gros v. City of Grand Prairie, Texas, 34 Fed. Appx. 150, at *4 (5th Cir. 2002)   If so, a single decision by Fryday which caused a constitutional violation could constitute a municipal policy.  Pembauer v. City of Cincinnati, 475 U.S. 469 (1986)   As alleged, this was not a mere technical violation, or a situation where Fryday had the right to be wrong as to the extent of his power, or negligent in the way he exercised it.  Fryday's action, as alleged, was a willful violation of the Plaintiffs' property rights.  Consequently, the arbitrary, capricious and confiscatory approval of the bulkhead with full knowledge that it was depriving the Plaintiffs of the use of their own land could constitute a due process, and perhaps an equal protection violation.  Cf.  Mindich Developers, Inc. v. Hunziker, 622 F.Supp. 1513, 1515

---

[2]   While the 2009 incidents, if being asserted as claims, are time-barred, they could be determined to be admissible evidence on the issue of the City's delegation of authority to Fryday.

(S.D. N.Y. 1985)   Moreover, there presently appears to be no other reasonable post-deprivation remedy.  Cf. Parratt v. Taylor, 451 U.S. 527 (1981)

That having been said, the Court agrees with the City that the Plaintiffs' pleadings leave much to be desired.  Therefore, the Court WILL, *sua sponte*, order the Plaintiffs to file a More Definite Statement or a First Amended Complaint setting forth with as much factual specificity as possible, their constitutional claims against the City based upon the actions of Fryday and Shelley.  See Fikes v. City of Daphne, 79 F.3d 1079, 1083 & fn. 6 (11th Cir. 1996)

For the foregoing reasons, it is **ORDERED** that the City's "Motion to Dismiss for Failure to State a Claim" (Instrument no. 5) is **GRANTED** as to the Plaintiffs' state law claims and those claims are **DISMISSED**.

It is further **ORDERED** that the City's "Motion to Dismiss for Failure to State a Claim" (Instrument no. 5) as to the Plaintiffs' constitutional claims, is **DENIED** without prejudice to being reurged against the Plaintiffs' More Definite Statement or First Amended Complaint.

It is further **ORDERED** that the Plaintiffs' **SHALL** file their **More Definite Statement or First Amended Complaint** on or before **April 25, 2014**.

**DONE** at Galveston, Texas, this _____1st_____ day of April, 2014.

_____
John R. Froeschner
United States Magistrate Judge