IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| LYNDA S. MICHAELSKI | § | |
| and PATRICK J. MICHAELSKI | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-13-358 |
| | § | |
| CITY OF CLEAR LAKE SHORES | § | |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendant, City of Clear Lake Shores (City).  The Motion is ripe for determination and the Court now issues this Opinion and Order.

It appears that the only potential claims of the Plaintiffs, Lynda and Patrick Michaelski, arise from the erroneous issuance of a building permit by the City's building inspector, Jack Fryday, to the Plaintiffs' neighbor, Frank Hemby, for the construction of a bulkhead in a pond on property located directly behind Hemby's house but owned by Plaintiffs.  The permit was issued on August 27, 2013, and Hemby's contractor began work that day; however, when confronted by Lynda's claim of ownership he promptly stopped his work.  At that time he had removed some debris from the pond and installed some piers.  The contractor subsequently apologized and cleaned up the property, but, the Plaintiffs have decided to let the piers remain in place.  Any additional facts will be mentioned in the discussions of the Plaintiffs' alleged claims.

First some observations.  The Court has no doubt that the Plaintiffs have a strong perception that Fryday and other City officials have, over the years, treated them unfairly. It also has no doubt that some City officials have been hostile to them over the years. Nevertheless, this Court is duty-bound to objectively consider and apply the law to the Plaintiffs' alleged claims.  But the problem here is that the Plaintiffs' alleged constitutional claims are not factually specific in their First Amended Complaint, they are simply referenced to various Amendments.  As a consequence, the Court can only, as necessary, make its "best guess" as to the factual bases of the Plaintiffs' claims.

## MUNICIPAL LIABILITY

To begin, the basic premise of the Plaintiffs' entire lawsuit is missing from their Complaint: they do not identify any City policy or official custom by any City policy-makers that was the moving force behind any alleged constitutional violations as has been required since the decision in <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).   In denying the Defendant's Motion to Dismiss, the Court previously and gratuitously identified the policy it thought the Plaintiffs intended to prove, but at the summary judgment juncture that is not enough.  Now is the time for Plaintiffs to offer proof of a policy with summary judgment evidence sufficient to raise a genuine issue of fact and they have not done so.  Even overlooking, however, the absence of a specifically alleged "policy basis" for the Plaintiffs' claims, and giving them every benefit of doubt, their constitutional claims fail.

2

**FOURTH AMENDMENT**

Obviously there was no search of the Plaintiffs' property by any City official, so the Court can only assume that the Plaintiffs' claim is based upon their belief that the invasive work performed on their property constitutes an actionable seizure. It does not. The entry upon their land and the preparatory work on the bulkhead is simply a common law trespass *quare clausum fregit*. Cf. <u>Rocha v. U.S. Home/Homecraft Corp.</u>, 653 S.W. 2d 53, 55-56 (Tex. App. -- San Antonio, 1983, ref. n.r.e.) (Defendants entry onto plaintiff's property and unauthorized construction of a retaining wall is an actionable trespass.) An actionable trespass, even if purposefully authorized by a municipal government, will not constitute a Fourth Amendment violation. <u>Oliver v. United States</u>, 466 U.S. 170, 183-84 (1984) ("The general rights of property protected by the common law of trespass have little or no relevance to the applicability of the Fourth Amendment.")

**NINTH AMENDMENT**

No factual allegations or assumptions can support this claim. The Ninth Amendment is a rule of constitutional construction, it is not a source of constitutional rights. <u>Froehlich v. State of Wisconsin Department of Corrections</u>, 196 F.3d 800, 801 (7th Cir. 1999). There is not private cause of action under the Ninth Amendment.

**FOURTEENTH AMENDMENT**

To show a Fourteenth Amendment claim Plaintiffs must prove a deprivation of a property interest without due process. Even assuming, again, the invasive bulkhead work

is a property deprivation and that more careful investigative procedures would have prevented the issuance of the building permit, the Plaintiffs' had a perfectly adequate post-deprivation remedy: a cause of action for trespass against Hemby and his contractor for the recovery of sufficient damages to have the property repaired and the piers removed. Cf. Parratt v. Taylor, 457 U.S. 527, 539 (1981)

If Plaintiffs are asserting a substantive due process claim they must show at least, *inter alia*, that deliberate indifference by the City, presumably through attribution of Fryday's issuance of the permit, resulted in egregious conduct which shocks the contemporary conscious. At her deposition, Lynda emphatically testified that the issuance of the permit was done through "an accumulation of negligence . . . I believe it was negligence . . . I don't have that evidence that it was intentional." Assuming, again, the alleged property deprivation might be sufficiently shocking, negligence will never satisfy the substantive due process threshold. Terrell v. Larson, 396 F.3d 975, 978 (8th Cir. 2005) (en banc), citing, County of Sacramento v. Lewis, 523 U.S. 833, 848-49 (1998).

Although the Plaintiffs have alleged equal protection violations in their Amended Complaint, the Court does not find any such cognizable claims. In a rare case, the Court concedes, that a Plaintiff may assert a "class of one" equal protection claim against a municipality for irrational and arbitrary property decisions motivated because of attributable ill will toward the Plaintiffs for previously filing a lawsuit against the City. See Village of Willowbrook v. Olech, 528 U.S. 562, 563-65 (2000). But the potential

4

equal protection claims alleged by Plaintiffs were limited to Lynda being targeted for a possible lawsuit by the City in 2009 and their observations, following Hurricane Ike, that some male homeowners were allowed to repair their properties below the Base Flood Elevation while Lynda was not.  Without comment on their merits, these claims, as Plaintiffs seem to concede, are clearly time-barred.

For all of the foregoing reasons, the Court, having done its best to interpret Plaintiffs' claims, finds them without constitutional merit and it is, therefore, **ORDERED** that  the City's Motion for Summary Judgment (Instrument no. 29) is **GRANTED**, and the First Amended Complaint of Plaintiffs, Lynda and Patrick Michaelski, is **DISMISSED**.

**DONE** at Galveston, Texas, this _____12th_____ day of June, 2015.

_____

John R. Froeschner
United States Magistrate Judge